AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD ~~~~~
CLERK OF COURT

2018 DEC 13  PM 12: 18

U.S. DISTRICT COURT
~~~~~~

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
An LG Android mobile phone found in the possession of )
Eric Y. Banahene on December 11, 2018, currently )
located at 370 S. Front St., Columbus, OH )

Case No. 2:18-MJ-901

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference)

located in the _____Southern_____ District of _____Ohio_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1956 | Money Laundering |
| 18 U.S.C. 1957 | Money Laundering |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Anne Nightingale, IRS-CI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12-13-18 @ 12:10 pm

*Judge's signature*

City and state: Columbus, OH

Chelsey M. Vascura, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A MOBILE PHONE FURTHER DESCRIBED AS AN LG ANDROID PHONE FOUND IN THE POSSESSION OF ERIC Y. BANAHENE ON DECEMBER 11, 2018, CURRENTLY LOCATED AT THE FRANKLIN COUNTY JAIL (FCCC 1), LOCATED AT 370 SOUTH FRONT STREET, COLUMBUS, OHIO 43215 | Case No. 2:18-MJ-901 |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Anne Nightingale, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with IRS-Criminal Investigation and have been so employed since 2008. I have received specialized law enforcement training at the Federal Law Enforcement Training Center, Glynco, Georgia and additional specialized training from the IRS. My duties as a Special Agent include conducting investigations of individuals and businesses that have violated Federal Law, particularly those laws found under Title 18, Title 26 and Title 31 of the United States Code. I have participated in multiple such investigations.

3. I have conferred with Special Agent Shawn Mincks with Internal Revenue Service – Criminal Investigation regarding the facts and circumstances detailed in this affidavit.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

5. The property to be searched is a mobile phone further identified as an LG Android phone found in the possession of Eric Y. Banahene on December 11, 2018, hereinafter the "Device." The Device is currently located at the Franklin County Jail (FCCC 1), located at 370 South Front Street, Columbus, Ohio 43215.

6. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

7. Special Agent Mincks and other law enforcement personnel have conducted multiple interviews and have analyzed bank records and other documentation. Following consultation with Special Agent Mincks, the affiant believes the investigation to date tends to show that Eric Y. Banahene committed money laundering violations in that he knowingly and willfully facilitated the receipt, concealment and transfer of funds derived from so-called "Romance Scam" victims. The affiant further believes that there is probable cause to believe evidence of crime will be found on the device to be searched. Perpetrators of the scams posted fake profiles on various dating websites, then individuals throughout the United States and other countries were contacted by or enticed to initiate contact with the perpetrators.

8. After making contact with the victims online, the perpetrators used email, instant messaging services, text messaging and phone calls to build a relationship of trust with the

victims. Once trust was gained, the perpetrators convinced the victims to provide money purportedly for various investments or need-based reasons. The perpetrators told many of the victims that they were overseas, often in Ghana. The perpetrators further explained, for example, that they had located gold or diamond mines through which they could both become very wealthy if the victim invested money; had financial trouble and needed assistance; or had had legal trouble, were in prison and needed money to pay off the captors. The victims then wire transferred, direct transferred or deposited money into accounts located within the United States and controlled by Banahene. The victims provided the funds with the expectation that the money would be invested or used to assist their online "friend."

9. Contemporaneous and subsequent to the wire transfers, account transfers and deposits received by Banahene from the victims, Banahene disposed of the funds through cash withdrawals; international and domestic wire transfers; personal expenditures; and purchases of cashier's checks, including checks payable to Insurance Auto Auctions (IAA) and Copart, which were auto auction companies. None of the victims received any return on their "investments" or any of their money back.

10. The affiant believes that evidence garnered so far in the investigation tends to show that Banahene knew that the funds he received were derived from some kind of unlawful activity, and the funds were, in fact, derived from a specified unlawful activity, namely wire fraud (18 U.S.C. § 1343). Once Banahene received the money, the funds were not used in the manner promised to the victims of the fraud. Instead, the funds were transacted in a fashion designed to conceal the nature and source of the funds through cash withdrawals, wires and purchases of vehicles, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Additionally, many monetary

3

transactions were in excess of $10,000, in violation of 18 U.S.C. § 1957. This evidence is summarized in the following paragraphs.

**Person 26**

11. In 2015, Person 26 met a person she believed to be named Eddie Costa on EHarmony.com. "Costa" told Person 26 that he was in Ghana to mine gold. "Costa" eventually asked Person 26 to send him money to pay fees related to mining gold. Person 26 sent the money. The money was not used to pay mining fees.

12. Between January 5, 2016, and January 12, 2016, Person 26 made cash deposits totaling $25,269 into Fifth Third Bank account # xx6467 at branch locations in or near her hometown. Banahene opened Fifth Third Bank account # xx6467 in the name of Pizaro Auto, LLC on December 21, 2015. The account was closed in March of 2017. Banahene was the only person with signatory authority on the account. Banahene had established Pizaro Auto, LLC on January 7, 2013.

13. From this account, Banahene conducted the following transactions, on or about the dates below, involving the proceeds of wire fraud to conceal or disguise the nature, location, source, ownership or control of the proceeds:

   a. January 6, 2016 - $5,000 cash withdrawal
   b. January 11, 2016 - $5,000 cash withdrawal
   c. January 13, 2016 - $9,950 cash withdrawal
   d. January 15, 2016 - $2,900 cash withdrawal

14. On March 1, 2018, a federal grand jury in the Southern District of Ohio returned an indictment charging several individuals, including Kwabena M. Bonsu, with money laundering offenses in case number 2:18-cr-58. The indictment alleged that, between December

11, 2015, and January 4, 2016, Person 26 had deposited or wired a total of $114,500 to Fifth Third Bank account # xx4602, which was controlled by Bonsu. The indictment alleged that Person 26 did so in response to requests by "Costa" to send money to pay fees related to mining gold. According to the indictment, the money "Costa" sent to the account in the control of Bonsu was not used for that purpose, but instead was used for cash withdrawals and to purchase vehicles from Copart.

**Person 15**

15. In 2013, Person 15 met someone she believed to be named Bernard Mills on the online dating site CatholicSingles.com. "Mills" told Person 15 that he was a precious metals buyer and had to travel to Ghana for his job. "Mills" asked Person 15 to send him money for expenses related to the mining of precious metals. Person 15 sent money. In fact, the money was not used on expenses related to mining of precious metals.

16. Between July 25, 2016, and January 26, 2017, Person 15 wired a total of $334,500 to Fifth Third Bank account # xx6467 and JP Morgan Chase Bank account # xx0861. Banahene opened JP Morgan Chase Bank account # xx0861 on October 20, 2015 in the name of Pizaro Auto, LLC. The account closed in November of 2016. Banahene was the only person with signatory authority on the account.

17. From these accounts, Banahene conducted the following transactions, on or about the dates below, involving the proceeds of wire fraud to conceal or disguise the nature, location, source, ownership or control of the proceeds:

    a.    July 27, 2016 - $5,447 cash withdrawal

    b.    August 3, 2016 - $4,238 withdrawal consisting of the purchase of a cashier's check payable to Copart.

    c.    August 16, 2016 - $9,900 cash withdrawal

    d.    August 19, 2016 - $5,500 cash withdrawal

    e.    August 26, 2016 - $4,000 cash withdrawal

    f.    August 30, 2016 - $6,363 withdrawal consisting of the purchase of a cashier's check payable to Copart.

    g.    August 31, 2016 - $7,000 cash withdrawal

    h.    September 6, 2016 - $4,800 withdrawal consisting of the purchase of a cashier's check payable to Copart.

    i.    November 22, 2016 - $7,000 cash withdrawal

    j.    December 1, 2016 - $9,200 cash withdrawal

    k.    December 5, 2016 - $4,800 cash withdrawal

    l.    December 21, 2016 - $6,400 cash withdrawal

    m.    January 31, 2017 - $3,100 cash withdrawal

    n.    January 31, 2017 - $6,300 cash withdrawal

    o.    February 1, 2017 - $9,950 cash withdrawal

18.    Also from this account, Banahene engaged in the following monetary transactions in criminally derived property of a value greater than $10,000, on or about the dates below:

    a.    August 3, 2016 - $37,218 withdrawal consisting of the purchase of a cashier's check payable to IAA. The check was used to purchase an unknown vehicle.

    b.    August 9, 2016 - $61,224 withdrawal consisting of the purchase of cashier's checks in the amounts of $36,666 and $3,778 payable to Copart and $10,880 payable to IAA, as well as $9,900 cash withdrawal.

    c.    November 25, 2016 - $28,000 wire to an account held at Guaranty Trust Bank in Accra, Ghana by a foreign entity.

    d.    December 21, 2016 - $40,000 wire to an account held at China Construction Bank Corporation in Xiamen, China by a foreign entity.

    e.    January 26, 2017 - $19,045 wire to account held at Guaranty Trust Bank in Accra, Ghana by a foreign entity.

19. The above-referenced indictment, returned on March 1, 2018, in case number 2:18-cr-58, also charged Nkosiyoxoxo Msuthu and Cynthia Appiagyei with multiple money laundering offenses. The indictment alleged that, between August 11, 2014, and November 24, 2014, Person 15 had sent $253,900 via 11 wire transfers to JP Morgan Chase Bank account # xx6119, which was controlled by Msuthu and Appiagyei, and had further sent $23,500 to PNC Bank account # xx6636, which was also controlled by Msuthu and Appiagyei. The indictment alleged that Person 15 did so in response to requests by "Mills" to send money for expenses related to the mining of precious metals. According to the indictment, the money "Mills" sent to the account in the control of Msuthu and Appiagyei was not used for that purpose, but instead was used for cash withdrawals and to purchase vehicles from Copart.

**Statements by Confidential Human Sources**

20. In 2018, Confidential Human Source 1 (CHS 1) told investigators that he or she was part of a conspiracy to commit money laundering. CHS 1 told investigators that, during the time of the conspiracy, two other members of the conspiracy at different times told CHS 1 that Banahene was involved in a scheme to commit money laundering.

21. In 2018, Confidential Human Source 2 (CHS 2) told investigators that he or she was part of a conspiracy to commit money laundering. CHS 2 told investigators that, during the time of the conspiracy, one other member of the conspiracy told CHS 2 that Banahene was involved in a scheme to commit money laundering. The individual who provided this information to CHS2 was one of the two individuals who had made a similar statement to CHS1, above.

**Nexus to the Property to Be Searched**

22. On December 11, 2018, Eric Banahene was arrested pursuant to an arrest warrant issued after the filing of a criminal complaint by Special Agent Shawn Mincks with IRS-Criminal Investigation. When he was arrested, Eric Banahene had in his possession a cellular phone further identified as an LG Android phone. Banahene is currently being held in the Franklin County Jail (FCCC 1), located at 370 South Front Street, Columbus, Ohio 43215. The cellular phone that was in Banahene's possession when he was arrested is also located at that jail.

23. On or about November 22, 2016, Eric Banahene opened a bank account at KeyBank. The signature card for the account listed his phone number at 614-705-8817.

24. The above-referenced indictment, returned on March 1, 2018, in case number 2:18-cr-58, also charged John Amoah and King Faisal Hamidu with multiple money laundering offenses. In conjunction with this investigation, law enforcement seized and searched cell phones used by Amoah and Hamidu.

25. Hamidu's phone contains a contact labeled "Yaw Kb New." One of the phone numbers listed for that contact is 614-705-8817, which is the same number listed on Banahene's signature card at KeyBank. It should also be noted that "Yaw" is Banahene's middle name.

26. Amoah's phone contains a contact labeled "Yaw." One of the phone numbers listed for that contact is 614-705-8817. Another phone number listed for that contact is +233 26 574 6781. Amoah's phone contains messages sent between Amoah and "Yaw" at the phone number +233 26 574 6781 on the messaging app WhatsApp. These messages reference "KB," which is a known nickname for Kwabena M. Bonsu, mentioned above. Below is a sampling of messages between Amoah and "Yaw":

8

Conversation 1

Amoah: Chale KB in container no come still?

Banahene: No

CHS 1 told investigators that one method of transferring value from the United States to Ghana was through the shipment of vehicles, in shipping containers, from the United States to Ghana. Shipping records show that multiple vehicles purchased by Bonsu and others charged in the indictment related to case 2:18-cr-58, using funds derived from romance scams, were received by Banahene in Ghana.

Conversation 2

Amoah: Yaw…I beg…U fit make deposit for me?...[the message then includes a 12-digit number ending in 5720] …Tiffany nock…$300

Banahene: No p

Banahene later sent a photo to Amoah showing a receipt for a $300 cash deposit into a Huntington Bank account ending xx5720.

Conversation 3

Amoah: Homie I beg today remove the material money for me ooh

Banahene then sent Amoah various pictures of the inside and outside of vehicles. Amoah followed the receipt of these images with a question, and Banahene provided an answer:

Amoah: What be the lot

Banahene: 34943316…33001986

27. In speaking with Special Agent Shawn Mincks, I learned that Banahene provided phone number 614-218-7430 when he was arrested. However, Special Agent Mincks also informed me that Banahene listed various phone numbers on various bank accounts from 2015

9

forward and changes phone numbers frequently. Open source information indicates that the phone number 614-218-7430 is a wireless phone number carried by Aerial Communications and assigned to Eric Banahene.

28. The Device is currently in the lawful possession of the Franklin County Sheriff's Office at the Franklin County Jail. It came into the Franklin County Sheriff's Office possession in the following way: Banahene was arrested on December 11, 2018 by the United States Marshals Service. The USMS has a contract with the Franklin County Sheriff's Office to house federal prisoners. When housing prisoners, all property the prisoner had when arrested is also transferred to the Franklin County Sheriff's Office.

29. The Device is currently in storage at the Franklin County Jail (FCCC 1), located at 370 South Front Street, Columbus, Ohio 43215. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the Franklin County Sheriff's Office.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

30. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

31. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how

the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

   e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

11

32. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

33. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

34. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

_____
Anne Nightingale
Special Agent
IRS Criminal Investigation

Subscribed and sworn to before me
on December 13, 2018:

_____
CHELSEY M. VASCURA
United States Magistrate Judge

12

## ATTACHMENT A

The property to be searched is a mobile phone further identified as an LG Android phone found in the possession of Eric Y. Banahene on December 11, 2018, hereinafter the "Device." The Device is currently located at the Franklin County Jail (FCCC 1), located at 370 South Front Street, Columbus, Ohio 43215.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

1.  All records on the Device described in Attachment A that relate to violations of 18 U.S.C. § 1956 and 18 U.S.C. § 1957 and involve Eric Y. Banahene since December 1, 2015, including:

    a. Records identifying the establishment, ownership, operation and/or control of any limited liability corporation or other business entity including articles of organization; correspondence with and/or submissions to/from any Secretary of State office; applications, disposition records and/or correspondence related to the issuance or use of Employer Identification Numbers (EIN); minutes and other official business records; and documents identifying any registered agent(s), incorporator(s), and/or other identified members;

    b. All records related to offered or actual purchase, sale, transfer or shipment of motor vehicles or other consumer goods including sale advertisements or listings, correspondence, purchase orders, contracts, invoices, receipts, vehicle registrations, titles, shipping records, and delivery notices;

    c. All records related to or referencing electronic transfers of funds or cash deposits including requests for an electronic transfer or cash deposit, wiring or deposit instructions, receipts, and correspondence;

    d. All records related or referring to persons or entities in other countries and the locations of such persons or entities;

    e. Asset ownership and/or acquisition records including contracts, invoices, receipts, registrations, titles insurance records and/or photographs of assets including motor vehicles, real property, boats, jewelry, precious metals and gems, and currency (foreign, domestic, or virtual currency);

    f. Travel records including travel directions, hotel reservations, rental car reservations, airplane reservations, invoices, airline tickets, and itineraries;

    g. Records related to banking activity including communications and data related to the opening, closing, use, custody and/or control of bank accounts, alternative currency accounts (i.e. those related to Bitcoins), credit cards, and/or debit cards including applications for accounts; approval or declination notices; credit and/or debit card issuance notices; credit and/or debit card activations; bank statements; welcome or account opening/closing notifications; deposit, payment, withdrawal, or transfer orders, receipts and/or notifications; balance inquiries and/or notices; and security notifications;

h. All financial statements, accounting records and supporting source documents relating to receipts, expenditures, general ledgers, accounts and notes receivable, accounts and notes payable, balance sheets, income statements, statements of profit and loss, and any other accounting records and other records and/or ledgers relating to Pizaro Auto, LLC, or any variation of this entity name or any other entities identified through items seized pursuant to section b. above;

i. Records pertaining to any financial institution account including but not limited to account numbers, passwords, personal identification numbers (PINS), deposit/withdrawal records, notes, logs, and photographs;

j. Electronic records of internet sites visited and data accessed and/or communications made in the course of visiting such internet sites;

k. Communications records and histories made through and/or from applications (known as "Apps"); emails; texts; calls or other media contained on the electronic devices to be searched and all attachments included in such communications;

l. Contact lists and any documents reflecting names, addresses, email addresses, telephone numbers, fax numbers and/or other contact information

m. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.